SLIP OPINION

Cite as 2015 Ark. 332

# SUPREME COURT OF ARKANSAS

No. CR–15–189

| | | |
|---|---|---|
| DEONTE EDISON | | **Opinion Delivered** September 24, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, [NO. 60-CR-13-1295] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | | <u>SUPPLEMENTAL RECORD ORDERED</u>. |

**PER CURIAM**

Appellant Deonte Edison appeals the sentencing order entered by the Pulaski County Circuit Court, reflecting his convictions and sentences for capital murder, attempted capital murder, and two counts of aggravated robbery. Each count was enhanced for employing a firearm, and Edison was sentenced to a total term of life without parole plus ten years.[1] On appeal, Edison asserts that the circuit court erred in (1) prohibiting him from inquiring into the victim's potential civil lawsuit against him; (2) prohibiting him from cross-examining the victim concerning her medical records; and (3) allowing the State to introduce statements

---

[1]Edison was sentenced to life imprisonment without parole for capital murder and twenty-five years' imprisonment on each of the remaining convictions, to be served concurrently. Edison's firearm enhancements, however, were to be served consecutively to his life sentence but concurrent to each other.

made against him by the victim under the dying-declaration exception to the hearsay rule. Because the record in this case is incomplete, we order that the record be supplemented.

Arkansas Supreme Court Rule 4-3(i) provides that in cases where the appellant received a sentence of life imprisonment, we must review "all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 16-91-113(a)." Ark. Sup. Ct. R. 4-3(i) (2015). This requires us to examine all rulings adverse to Edison made by the circuit court on all objections, motions, and requests made by either party, including those parts of the record needed for an understanding of each adverse ruling. *See id.* Edison's notice of appeal specifically designated the "entire trial record, including voir dire and opening and closing arguments, as well as any and all audio and visual recordings, as his record of appeal in this case." The record on appeal, however, does not include the exhibits that were admitted during a pretrial hearing on Edison's motion to suppress his statements, which was denied by the circuit court.

We cannot conduct a meaningful review of the adverse ruling against him, as Rule 4-3(i) requires, without a complete record of the proceedings. *See, e.g., Huff v. State*, 2012 Ark. 182 (per curiam); *Newton v. State*, 366 Ark. 294, 234 S.W.3d 882 (2006) (per curiam); *Romes v. State*, 355 Ark. 497, 139 S.W.3d 519 (2003) (per curiam). Accordingly, we order the circuit clerk and the court reporter to correct the omissions in the record and certify to this court a true and complete supplemental record within fourteen days of this opinion.

Supplemental record ordered.